IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN THOMAS HURTA, )
)
      Plaintiff, )
)
 -vs- )   Civil Action No. 16-29
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Synopsis**

Plaintiff Shawn Thomas Hurta ("Hurta") appeals an ALJ's denial of his claim for disability insurance benefits ("DIB"),[1] for a period of disability and for supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-403, 1381-1383. Hurta applied for benefits on January 23, 2013 alleging a disability beginning on January 1, 2009. (R. 12) He alleges a number of impairments, including, back pain and depression. (R. 74)[2] The ALJ conducted a hearing and consulted a vocational expert, following which he denied Hurta's claim. (R. 9-22) Specifically, the ALJ determined that Hurta retained the residual functional capacity to light work, with certain restrictions. (R. 22) Hurta appealed. Pending are

---

[1] For purposes of DIB, Hurta's "earning records show that [he] has acquired sufficient quarters of coverage to remain insured through September 30, 2013." (R. 12) Consequently, he must prove that he was disabled by that date in order to be entitled to a period of disability and / or disability insurance benefits.

[2] Hurta had previously filed a claim for benefits and his current application referenced that prior application. In that prior claim, it was noted that Hurta asserted that he was impaired due to herniated discs, lumbago and depression. (R. 74) In this case, Hurta did allege physical impairments before the ALJ but has restricted his appeal to his mental health impairments. *See ECF Docket No*. [10], p. 2.

1

Cross Motions for Summary Judgment. *See ECF Docket Nos.* [9] and [11]. After careful consideration and for the reasons set forth below, this case is affirmed.

## Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however,

the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, apps. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. the claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

2. <u>The Treating Physician's Doctrine</u>

Before turning to the matter at issue, I note that a large portion of Hurta's Brief in Support of his Motion for Summary Judgment is devoted to a recounting of the evidence that supports his claim for disability. Hurta's efforts in this regard are unpersuasive. The:

> question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding. … Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dep't. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin*, Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Rather, the question before me is simply whether substantial evidence supports the ALJ's findings.

To resolve this question I must consider Hurta's chief contention – that the ALJ failed to accord proper weight to the medical opinions of record. Specifically, Hurta contends that the ALJ erred in affording "little weight" to the opinions rendered by Dr. Kobylinski, his treating psychiatrist, and Dr. Bailey, the consultative examiner. The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to that of a non-examining source. 20 C.F.R. § 416.927(c)(1). Additionally, the ALJ typically will give more weight to opinions from treating physicians, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone

4

or from the reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* If a treating physician's opinion is not given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. 20 C.F.R. § 416.927(c)(1)-(6)*.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).  However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(c)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010).

The ultimate issue of whether an individual is disabled within the meaning of the

5

Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 416.927(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions on disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-4 (3d Cir. 2008). "It is not for this Court to reweigh the medical opinions in the record but rather to determine if there is substantial evidence to support the ALJ's weighing of those opinions." *Lilly v. Colvin*, Civ. No. 13-1561, 2016 WL 1166334 (D. Del. March 23, 2016), *citing, Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

Against this backdrop, I find the ALJ's decision to give "little weight" to Hurta's treating physician to be supported by substantial evidence of record. As previously stated, an ALJ may reject a treating physician's opinion where that opinion is contradicted by other medical evidence. Here, the ALJ has explained that Dr. Kobylinski's opinion conflicts with his own clinical findings. (R. 19) It is well-established that an ALJ may reject a medical opinion that is inconsistent with other medical

6

evidence of record, including the examining physician's own progress notes. *See Plummer v. Apfel*, 186 F.3d 422, 430 (3d Cir. 1999); *Burke v. Comm'r of Soc. Sec.*, 317 Fed. Appx. 240, 243-44 (3d Cir. 2009). *See also*; *Gizienski v. Colvin*, Civ. No. 13-552, 2014 WL 3700487 at * 6-7 (W.D. Pa. July 24, 2014) (finding that substantial evidence supported an ALJ's assessment of weight regarding claimant's treating physician where the treating physician's own records contradicted his findings); *Eckenrode v. Colvin*, Civ. No. 13-231, 2014 WL 819955 at * 5 (W.D. Pa. March 3, 2014). Further, substantial evidence supports the ALJ's finding in this regard. For instance, although Dr. Kobylinski opined that Hurta would not be able to maintain regular attendance on a sustained basis, or interact appropriately with fellow workers or supervisors, or respond appropriately to supervisory criticism (R. 564), he noted that Hurta presented with average intellect, with a good understanding of his treatment goals and a good participation in the completion of those goals. (R. 514, 516) He also observed that Hurta's speech, thought process and associations were within normal limits and that his judgment and insight as well as his orientation were within normal limits as well. (R. 520, 523) Dr. Kobylinski described Hurta's level of understanding as "full." (R. 524) He further also described Hurta's recent and remote memory as "within normal limits", his "fund of knowledge" as "within normal limits" and his attention and concentration as "within normal limits." (R. 527, 534, 543). Accordingly, the ALJ's decision in this respect is affirmed.

Hurta also objects to the weight the ALJ accorded the consultative examiner's opinion. The ALJ gave Dr. Bailey's opinion "little weight." Specifically, the ALJ explained that he found Dr. Bailey's opinion was not supported by his clinical findings,

that it was based in large part upon acceptance at face value upon Hurta's self-reported history and subjective complaints, and that it was not reflective of a longitudinal history. (R. 18-19) As stated above, inconsistency with other medical evidence of record is an appropriate basis for discounting a medical opinion. So too is over-reliance upon a claimant's subjective symptoms. *See Morris v. Barnhart*, 78 Fed. Appx. 820, 825 (3d Cir. 2003); *Hernandez-Flores v. Comm'r. of Soc. Sec.*, 2015 WL 4064669 at * 4 (D. N.J. July 1, 2015) (stating that "an ALJ may discount aspects of a medical opinion that are based on the claimant's subjective symptoms, even where the claimant has alleged a psychological impairment.") and *Krueger v. Colvin*, 2015 WL 1444949 at * 4 (W.D. Pa. March 30, 2015). Further, substantial evidence supports the ALJ's finding that Dr. Bailey's conclusions were contradicted by his own clinical findings. For instance, Dr. Bailey described Hurta's cognition as oriented to person, place and time and commented that his "attention, concentration and memory appeared to be good throughout th[e] interview." (R. 476) Nor did he find any problems with the productivity of Hurta's thinking patterns and he believed that Hurta's thoughts were "goal-directed and relevant." He added that "[t]here were no loose associations, distractibility, or tangentiality noted." (R. 477) He found Hurta able to speak clearly and concisely in English and believed him to be of average intellectual ability. (R. 477-478) He found that Hurta graduated from high school, was in "regular classes" and self-reported as a "good student." (R. 473) Because the ALJ adequately explained his reasons for giving limited weight to the opinions in Dr. Bailey's report and identified significant examples of medical evidence inconsistent with and contrary to that opinion, including Dr. Bailey's own findings, I find no error on this issue.

8

Hurta also challenges the ALJ's decision to give "great weight" to the opinion rendered by Dr. Douglas Schiller, the state agency psychological consultant. The ALJ explained that Dr. Schiller's opinions "were based on a review of the evidence of record and familiarity with the disability regulations and standards. In addition, they are supported by Dr. Bailey's clinical observations and the longitudinal treatment record from Stairways Behavioral Health." (R. 18) Again, as stated above, these are appropriate bases for giving weight to an opinion. Further, substantial evidence supports the ALJ's conclusion that Dr. Schiller's opinion is consistent with the clinical observations from Stairways Behavioral Health as well as those of Dr. Bailey. (R. 83-85, 476-80, 511-556).[3]

Finally, Hurta challenges the ALJ's use of GAF scores. The ALJ stated that he gave the GAF scores "limited weight" because they "depict a snapshot of the claimant's mental health and are not indicative of his longitudinal functional ability." (R. 18) The ALJ further explained that Hurta's GAF scores remained fairly constant and that they are "imprecise because they failed to indicate specific functional limitations and only described his mental health within the context of broad and generalized categories." (R. 18) As recognized in *Harris v. Colvin*, Civ. No. 14-4444, 2015 WL 10097520 at * 5 (E.D. Pa. Oct. 27, 2015):

> [t]he GAF scale appears to have fallen into disfavor. "Due to concerns about subjectivity in application and a lack of clarity in the symptoms to be analyzed, the [American Psychiatric Association] abandoned the GAF score in its recently published fifth edition of the Diagnostic and Statistical Manual of Mental Disorders." *Solock v. Astrue*, 2014 U.S. District LEXIS 81809, 2014 WL 2738632,

---

[3] Hurta also urges that "[b]ecause the ALJ did not adequately consider the medical evidence in this case, it cannot be found that the ALJ adequately considered plaintiff's subjective complaints." See ECF Docket No. [10], p. 20. As such, Hurta reasons, the ALJ's findings regarding credibility are erroneous. I disagree. As set forth above, the ALJ's findings regarding medical evidence are supported by substantial evidence of record. As such, I find the contentions regarding credibility to be unpersuasive.

9

at * 6 (M.D. Pa. June 17, 2014). "It was recommended that the GAF be dropped from DSM-5 for several reasons, including its conceptual lack of clarity … and questionable psychometrics in routine practice." See AM. PSYCHIATRIC ASS'N., DIAGNOSITIC AND STAT. MANUAL OF MENTAL DISORDERS, DSM-5 16 (5th ed. 2013) In response the Social Security Administration now allows ALJs to use GAF ratings as opinion evidence when assessing disability claims involving mental disorders; however, a "GAF score is never dispositive of impairment severity," and thus an ALJ should not "give controlling weight to a GAF from a treating source unless it is well supported and not inconsistent with other evidence." SSA AM 13066 at 5 (July 13, 2013).

A review of the decision indicates that the ALJ did not use the GAF scores as dispositive. Rather, he used them, at the most, as mere "opinion evidence," as is entirely appropriate. As such, I find no basis for reversal or remand on this issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN THOMAS HURTA, )
        Plaintiff, )
-vs- )   Civil Action No. 16-29
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 5th day of December 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                BY THE COURT:
                /s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge